UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANTE R VOSS,

        Petitioner,

v.

        Case No. 21-cv-0671-bhl

CHERYL EPLETT,

        Respondent.

## ORDER ON RESPONDENT'S SECOND MOTION FOR RECONSIDERATION

        This habeas case has been plagued by delays and procedural fighting. On March 24, 2022, Petitioner Dante R. Voss filed a motion asking the Court to order Respondent Cheryl Eplett to supplement her answer to his petition. ECF No. 17. Voss identified several documents that he contended Eplett was obliged to produce but had so far failed to produce. *Id.* Eplett opposed the motion, arguing that her filings were already in compliance with Rule 5 of the Rules Governing §2254 Cases. ECF No. 19. On April 11, 2022, the Court granted Voss's motion in part and ordered Eplett to produce some but not all of Voss's requested documents. ECF No. 26. Specifically, the Court required Eplett to file (1) all documents contained in Voss's appendix submitted to the Wisconsin Supreme Court for his appeal in Wood County Circuit Court Case 15-CF-0353, and (2) the "whole record that was before the trial court" in the same case—which the Court interpreted as meaning the transcript of the trial. *Id.* at 2–3. Per Voss's initial motion, Eplett could stipulate to certain facts in lieu of providing the transcript. *Id.* at 3.

        On April 14, Eplett filed what appeared to be the documents from Voss's appendix in the appeal for the Wood County case. ECF Nos. 28-1, 28-2. She also filed a motion for clarification and reconsideration of the Court's order, stating:

> Voss did not go to trial on the charges in 15-CF-0353. . . . The available case details show that Voss entered a no contest plea to two of the charges, and the other two were dismissed on the State's motion, on January 13, 2016. . . . The case history further shows that Voss never challenged any aspect of his plea hearing on appeal, so no transcript of that hearing was ever produced nor was any claim

>about any infirmity in the plea presented to the state appellate courts.
>. . . Voss did not have a trial so there is nothing to transcribe[.]

ECF No. 28 at 1–3 (citations omitted). Eplett further argued she could not stipulate to the facts suggested by Voss because she lacked access to documents necessary to verify them. *Id.* at 2–3. In light of the information provided by Eplett, the Court considered its April 11, 2022 Order satisfied. ECF No. 29 at 2.

After the Court's ruling, Voss responded to Eplett's motion for clarification and reconsideration. ECF No. 30. He agreed that the Wood County case, 15-CF-0353, did not go to trial and thus there are no trial transcripts. *Id.* at 1. But, he said, "there were transcripts and/or notes of proceedings that occurred between the filing of the Probable Cause Statement and Judicial Determination and the Sentencing After Revocation Hearing." *Id.* Voss listed seven proceedings for which he claimed there are transcripts and/or notes. *Id.* He also insisted that "there is nothing that is stopping [Eplett] from collab[o]rating with [other parties]" to access the documents necessary to verify Voss's requested stipulations. *Id.* at 3.

In light of Voss's response, on May 24, 2022, the Court entered a new order directing Eplett to produce transcripts of the seven proceedings identified by Voss, to the extent they already existed or could be produced. ECF No. 33. If the transcripts could not be obtained or produced, Eplett was required, to the extent she was reasonably able, to produce a written narrative summary of the proceedings or explain why such summaries could not be produced. *Id.* She could alternatively stipulate to the facts proposed by Voss. *Id.* Eplett's deadline was June 13, 2022. *Id.*

On June 1, Eplett filed another motion for reconsideration. ECF No. 35. In this new motion she argues she should not be required to produce the seven requested transcripts because, even assuming they exist or can be produced, federal habeas review of claims made under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 2–3 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("It would be contrary to [the purpose of the federal habeas scheme] to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*.")). Since Voss did not produce the transcripts in state court, Eplett contends, the parties are barred from introducing them in federal court. *Id.* Eplett argues that Voss can overcome this limitation only if he can establish that he could not discover and present the transcripts in state court through the exercise of due diligence. *Id.* at 3–5 (citing 28 U.S.C. § 2254(e)(2)(A)(ii); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733–34 (2022)). He

also needs to show that "the facts underlying [the claims in his habeas petition] would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." ECF No. 35 at 3–5; 28 U.S.C. § 2254(e)(2)(B). Even then, the Court could decide in its discretion not to hold an evidentiary hearing or accept any evidence, based on the "principles of comity and finality that govern every federal habeas case." ECF No. 35 at 3–5; *Shinn*, 142 S. Ct. at 1734 (citation omitted). In the alternative, Eplett requests a telephonic hearing to clarify what transcripts she needs to produce. ECF No. 35 at 5.

Voss opposes Eplett's new motion. ECF No. 37. But he does not explain why it was not possible for him to have included the requested transcripts as part of the state-court record through the exercise of due diligence. Nor does he show that the facts underlying the claims in his habeas petition are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offenses. Instead, he engages in tactical gamesmanship. He insists he cannot respond to Eplett's motion, because doing so could give her an unfair advantage by allowing her to test certain arguments that she might then use to oppose his petition's request for an evidentiary hearing. *Id.* at 1. He further insists he also cannot withdraw his motion to compel production because that would unfairly curtail his due process rights. *Id.* at 1–2. He requests a telephonic hearing to "hammer[] out" "the details and legal positions of the parties," *id.* at 3, and to secure from the Court both a preemptive injunction against Eplett's potential use of the requested transcripts in later filings and a ruling that Eplett is estopped from adjusting her arguments on the petition based on the Court's adjudication of the motion to compel. *Id.* at 1–3.

The Court agrees with Eplett. Federal habeas review is limited to the state-court record except as provided by 28 U.S.C. § 2254(e)(2). *Shinn*, 142 S. Ct. at 1734; *see also Cullen*, 563 U.S. at 181–82. Because Voss has not attempted to comply with 28 U.S.C. § 2254(e)(2), the Court **GRANTS** Eplett's second motion for reconsideration, ECF No. 35. The Court vacates its prior order for Eplett to produce transcripts, ECF No. 33, and considers Voss's attempts to compel production resolved. Eplett does not need to produce any additional documents.

On June 22, 2022, the Court stayed Voss's briefing deadline pending resolution of Eplett's second motion for reconsideration. ECF No. 39. Having resolved the motion, the Court

**FURTHER ORDERS** that Voss must file his brief in support of his petition on or before **September 5, 2022**.

Dated at Milwaukee, Wisconsin on August 4, 2022.

                                                               s/ *Brett H. Ludwig*
                                                               BRETT H. LUDWIG
                                                                United States District Judge